Plastic Company v. United States, 06-1093. Ms. Barber. Good morning, my name is Lisa Barber, and I represent the process task force in the United States. The process task force would ask Ms. Barber to make a decision based on the very actual case, granted by Ms. Barber to the Attorney, and pressed by Ms. Barber to enact a case under heading 4202. The process task force is responsible for three reasons. First, as to plastic packaging, according to her statement, it is more profitable to buy and maintain a United States product at this point, or alternatively, to make an exception to the claim, than in the heading 4202 item. Second, as a summary judgment, the Court of International Trade simply applied the wrong test to determine whether the process task force established the second column of its claim, and therefore, submitted a judgment with appropriate inconsistencies. As to the first point, the Court of International Trade should request that by any imported items that are deployed, or any accessories deployed, under heading 903, to install them in the United States, 06-1093. But on the accessory point, you kind of, no pun intended, sandbagged the government on this, in the sense of not raising that earlier, if I understand correctly. It was briefly mentioned in a part of the motion that was in the summary judgment. But it wasn't mentioned in the opening brief, right? That is correct. I would submit to Your Honor that we do feel that this argument has been forfeited in the manner that you have expressed, under the version of a multi-singleton U.S. Supreme Court case, to the fact that she was first brought up at the federal level in the library. And I would further submit that, under Jarvis Clark, the court had a custom classification of duties under the property law. And this is not just for the benefit of the importer, or customs, but it's for the benefit of urban importers and customs in the future, that the correct classification had been made. On the accessory point, if you look at the dictionary and you find that accessory is something that's subordinate, this backpack and the beach bag seem to have utility unrelated to the carrying of toys. I mean, in fact, they were advertised, I think, as being able to carry swimsuits and other small items. Doesn't that suggest that, even if the accessory argument were before us, that the beach bag is not an accessory to the toys, but has an independent functionality? Well, the custom definition of duties is defined in the dictionary, and it's defined in the articles. But, related to the primary question, solely in principally, is that article. The evidence before the court shows that the beach bag and the backpack are principally with a set of toys in them. It drains them, it sighs, and it matches the markings on it. So, this is kind of the definition in the dictionary and customs both, that principally is with. But, I don't know if it shows that it principally is with, but the question is about it being. Why isn't 4202.92.45 more specific? Because it falls under the heading of carrying cases and trunks, suitcases, backpacks. Whereas, 9503.70 that you're looking for is just generic other toys. Would you speak a little more slowly and more distinctly? The sound here resonates and comes back. Yeah, that's been suggested. Why don't you do it? This chapter note states that parts and accessories, which are suitable for use solely officially with articles in this chapter, are to be classified with those articles. This is a chapter note. Under the general rules of interpretation, which are implied in custom classifications cases, classifications shall be determined first according to the terms of the headings and any section in chapter notes. So right here we have a chapter note that specifically says, if you have an accessory, it is to be classified with the article in its classification. We also have a section on legislative intent here. But I think Judge Lurie was asking, isn't the section dealing with carrying cases more specific than the one dealing with toys? We don't even indicate if it was or wouldn't matter because this note is taking it out of that. Because under the note, it could theoretically be classified with something more specific like that, so instead of the accessory, it should be placed with the article in its classification. We need the legislative intent of putting that chapter note in there. That's the argument I want to make. As to our counterpoint, the court in the National Court of Appeals failed to apply the proper class to determine whether an important merchandise should be classified under a merchandise category. Consequently, the court in the National Court of Appeals failed to give evidence to the court by process of statute when evaluating whether a certain element was appropriated. Having 90 federal periods of employee dispersion case law up until this point on employers has stated that. An additional notice of interpretation 1A governs employee dispersion, and it states, a terror classification controlled by use is to be determined in accordance with the use of goods of that class or time to which the employee goes along. The court in the National Court of Appeals stated in its automatic classic mulling in 2002 that the principal use of the class or kind of goods to which the employer belongs is controlling, and not the principal use of the specific imports. Now, the court in the National Court of Appeals decided to cover up a case in 1976. In other states that land, principal use provisions may be analyzed under that subject matter class. But isn't the principal use here clearly as far as the carrying? Well, we have evidence from our experts saying that the principal use is to use the standing waters of the beach and to insert imports of all kinds. Well, but, I mean, as Judge Dyke, I think, was suggesting earlier in the colloquy, I mean, you could certainly carry things like bathing suit, towel, suntan lotion, this type of stuff, sun hat, in the bag. And in the backpack and in the duffel bag. Well, it's certainly true that a bag can have multiple uses. But what we're looking here at is the specific primary use. I mean, I think you might have a different case if these were, say, backpacks, if the poo and the barbie, what's the other one? Barbie. Barbie backpack and the bag were literally made for a Barbie doll, say. In other words, you put it on your doll. But it does seem that a person, a child, can use this, or perhaps even an adult, for carrying purposes. It would be disingenuous for me to say that it couldn't carry things in their ass and stuff like that. It clearly shows that it can carry things. But it could carry toys, too. I mean, the fact that it's carrying toys doesn't make it a toy, does it? No. But, again, we believe that it could be used as a toy. But I would think that you might have a case that it was a toy if the evidence showed that people used these backpacks to pretend to be carrying things. In other words, that this were, you know, the child was saying, I want to be like an adult. Here's my toy backpack to pretend that I'm like an adult carrying things in a backpack. But there's no evidence of that, if you will, play value of the backpacks or the beach bag here. The kids actually use the backpack to carry things. It's not that they're playing in doing it. Sure. Is there a couple of things you can point out? I mean, this is, you know, obviously still a summer development stage. And you just had the, you know, words of our experts. And as the international trade case, Dolly, can give us, you know, experts who are traveling and boarding, designing and marketing projects, have good reason to know what it does. They're competent to testify to that. And we had a vice president of engineering who was in charge of all the functions of this bag testified to that fact. Do you have a vice president of engineering for making bags? I think this is not a good topic to have. And another thing to keep in mind is, again, I don't have all the solutions. This is the primaries here. And again, this is your stop bar. And it's an accessory. So you have to get out of engineering as far as it is an accessory. There's a court that, you know, the court of international trade is focused on play value. We commit to play value only backward-wise, only backward-class. There are six other factors that the court of international trade should look to when considering why a class of classes is in the class of items that share our responsibilities. You can use it or save it as you wish. Fine. Mr. Curley, an experienced lawyer like you isn't going to ask us to fact find it, are you? No, Your Honor, but I did want the court to see the samples of the merchandise up close. Why? I guess I've been involved in too many tactics over the years, Your Honor. The invention is always the most interesting part of all, isn't it? I don't need them here. It's quite a separate place. I'm sure it is. Your sentence, Your Honor. The problem with the accessories is that we've never heard of them before. The issue as to whether or not these backpacks, these bags are accessories was not raised before customary administrative process. It was not raised before the prior court. And it was not raised in the process of getting the arrow from the tree. It was raised for the first time in my time. And under the law of this court, that issue has been waived and really cannot be presented to the court.  Well, I would say that it was waived and not reconsidered. What's the answer on the merits to the argument, to the accessory argument? It's not an accessory, and it doesn't fit within the chapter notes that the process… Why is it not an accessory? Well, first of all, the provision in the chapter notes is the whole basis on which the process is urging that it's an accessory. It makes an exception. It says, subject to chapter note 1 of 95 over here. And chapter note 1 says that this chapter does not cover bags or cases covered by… Yeah, but there's a similar note in the bag section. It's totally circular, right? Well, yes, that's true, but the point is that you really can't look at it as an accessory until you find that the 4202 is not the most specific or the most… Okay. But I don't understand why they're relying on the note, because, I mean, the chapter heading itself refers to accessories. So why they're saying this is an accessory to a toy. Tell us why it's not an accessory to a toy. If it's an accessory, you have to come in under 9503.7. It has the subheading on which the process has urged classification. Well, forget about the subheading. Just look at the chapter heading itself. We're supposed to look at the chapter heading first. And chapter heading says toys. It says accessories. Why is this not an accessory within the main chapter heading? Well, if you want to… I'm going to answer your question, but please allow me to make this. This is Travis Stewart. This importation is solely of bags. The provision under which process has urged classification is other toys put up in sets. Classification must be determined as of… Yeah, I understand the argument, and it doesn't make a lot of sense to me. It apparently didn't make a lot of sense to the trial judge here, because you've got a basic chapter heading. You don't have to go to the subheadings. We've got a basic chapter heading that says toys and accessories. So the question is, you don't seem to like the judge's ruling in your favor, but that's your business. Yeah, well, the problem is… We considered the toys question. You didn't get to your sets issue. In the main heading, it says toys. It says accessories. I understand the argument as to why it's not a toy. Why is it not an accessory? Well, it's not an accessory because an accessory has to be subservient to the article to which it's an accessory. And this bag acts independently of the toys. It carries the toys to the beach. Now, much effort has been made to show that the bag will bring sand and water out, and that is true. But that is only a feature to make the bag more useful. The bag has its own utility independent of the toys. Swimsuits, towels, sunglasses, sunglasses, other things can be carried as well. So it's not interacting with the toys to make them, to enhance their value. Toys are usually to be played with by children. The bag has nothing to do with that. The bag is the means to transport of the toys to the beach. So I think right off the bat, it doesn't satisfy the requirements of an accessory. And they can't even raise the accessory issue based on the arguments that they make. That is the chapter notes. For instance, to classify this bag in any way, it has to be viewed just the way it's been imported. And if it hasn't been imported, it can't fall within 95037. So the argument is being made that it's really an accessory, and therefore it interacts with the toys. The toys, for example, were not imported. So to have an accessory, you've got to have three actors on the stage. You have to have at least two to make up a set. And the statute says, toys put up in sets have parts and accessories. So you have to have at least a third actor or a component of an accessory. What case says that you go to the subheadings instead of looking at the main heading? I thought the case has said the opposite. I'm sorry. What case says that you look at the subheadings when you've got the question answered by the main heading? Why do you keep arguing about this subheading? Our cases say look at the main heading. Well, the court below found that it wasn't a toy. Within the main heading? Yes. Why do you keep arguing about the subheading? What difference does it make whether there's a subheading that covers it, if the main heading covers it? Your Honor, I'd like to cover all the issues. I don't want to walk away from the argument and leave issues that have been raised unaddressed. But you're quite correct. The court below found that it wasn't a toy. But I'm saying that even if it is considered a toy for the purposes of argument, it doesn't satisfy the subheading. Who cares? What difference does it make whether it satisfies the subheading? If it comes within the main chapter heading, why isn't that enough? That isn't enough because you can't classify these articles in the main heading. You have to classify. You have to have a provision of duty. And there's no duty assessment for the main heading. You have to find a subheading. Assuming for argument purposes, it's a toy. This is what I'm trying to get to. Then you must find a subheading under which these bags fit under the toy provisions. And that subheading, that process is urgent here. It is 950370. The government demonstrated below that the bags cannot, the backpacks, cannot fit within 950370. But there's an other subheading, right? Not that anything has emerged here. There's another point that I must make because I think that without it, we have no anchor. You cannot just commit as an importer and sign a subheading, and when the port finds that the merchandise is not classified under that subheading and finds that customs correctly classified it under another subheading, there is no further requirement under Jarvis law or any other case in this court for the trial court to hunt around through the merchandise tariff schedule to find another subheading. There is no need for it. It's up to the plaintiff to assert what it wants to be classified. Otherwise, these cases would have no aim. When you commit with subheading, you're not found there, and then go on and on forever. You just, as a realistic, as a practical matter, you just can't do that. Jarvis law is a different situation. That was one in which the importer could not prove that the merchandise could be classified under the provision that emerged, that he advocated for, and the court was not convinced that the customs classification was correct. So the way the case stood was that there was no direct classification that the court could order, and prior to Jarvis law, what we had is if the importer couldn't prove its classification, then the court would affirm customs just on the basis that the failure to prove, to show the history provision is prevailing. But even though it had, the court found that the bags were correctly classified by customs and the process could not establish classification under 95037. And that is the reason why the court did what it did. And just to make my last point on that particular issue, under the Supreme Court's decision in Celerax, if the non-moving party, in this case that's process, cannot prove an essential element of its claim, then the moving party is entitled to judgment. There is no issue of material fact in the speech. As to other points, if the non-moving party cannot prove its case, and process here could not prove its case, therefore the government, the trial was correct in granting the government's motion, and the facts that they were writing about, whether it's the clebs or the commoners, he is not really material for purposes of this issue because process can't prove its case, regardless of how the court would come out on the clebs are going to emerge next. And somewhere along the line, the court has to focus on what the issues are when these cases have no evidence. And my submission to you, I think, is a correct assessment of what the law is. And process ought to be held to what they argue for the law, and ought not to be able to expand their arguments on appeal. It is required. And bear in mind that we have not had the benefit of customs duties on any of this stuff because the assessment is not an issue. I think we understand your point on that, Mr. Crowley. Did you want to address other points while you still have time? I think the last point I would make, again, in relation to the accessory, is that, according to the explanatory notes, it has to be, an accessory has to be identifiable. An identifiable part, identifiable with the main article as being the point. And here, there is no necessary identification between these two. We have two backpacks filled with decals on them, and we have a beach bag. And it's nothing that identifies these with a choice. They can be used for other purposes, which is another reason why it really doesn't even satisfy the requirements of an accessory, assuming that the court has agreed to it. In other words, they have to be accessories to something. Well, they can be independent. They can be bags and backpacks, which is what we view the issue to be. They stand on their own. They're not accessories to anything. Thank you. Thank you, Mr. Crowley. Ms. Barber has a few minutes of rebuttal. Thank you, Your Honor. I wanted to address, the process was not able to establish an essential element of the claim. The reason the process of passing, well, if there were a court of international trade, the process would look at the right test. The process of passing had a broad right of residence, but the court quite simply didn't look to. If the court had defined the R1 factors, it wouldn't look to the avenues of sale, or the environment of sale, the avenues of trade, things like that. The process of passing has an element, which is in the record, showing licensing, which is new and held. We can show this now in the past. Testimony of an employee buyer who did buy something, whether it's from a case in a store, which would have shown the environment of sale, and even information about the industry of the process of passing, as an employee company, which was 57 years old at that point. So if the court had defined the appropriate test, or the right of order, if there were to have been a class or kind of judge with that control case, then I think we would have established an essential element of our claim. And as to, I just want to make another point as far as accessories go, no case I have seen has required that accessories be imported along with the toy that they expected. I don't think that's a requirement. And I want to thank your Honor for your time Thank you, Ms. Barber. We will carry this case away and we will not toy with it. The case will be taken under advisement.